**E-FILED**
Wednesday, 24 August, 2016  03:45:22 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| TOBY BIRGE, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Case No.   16-cv-1289 |
|  | ) | |
|  | ) | |
| J. RINKER, | ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Leave to proceed in forma pauperis (Doc. 2).  This motion is GRANTED. However, as explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Complaint is DISMISSED.

### BACKGROUND

Plaintiff Toby Birge is currently a prisoner in the custody of the Illinois Department of Corrections. On August 4, 2016, he filed a pro se Complaint against his lawyer, J. Rinker, pursuant to 42 U.S.C. § 1983. Birge alleges that Defendant "did not represent me like a lawyer" during criminal proceedings. (Doc. 1 at 5). Instead, Defendant advised him to plead guilty because that is what the Bible suggested he should do. (*Id.*). Birge writes, "I feel that J. Rinker manipulated and lied to me." (*Id.*).

### DISCUSSION

Pursuant to 28 U.S.C. § 1915(b), prisoners may proceed with lawsuits without prepaying the filing fee. However, prisoners must pay an initial filing fee and then make monthly payments "of 20 percent of the preceding month's income credit to the

prisoner's [trust fund] account." Plaintiff's motion for leave to proceed in forma pauperis is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.04. The agency having custody of Plaintiff is directed to forward the initial partial filing fee from Plaintiff's account to the Clerk of Court. After payment of the initial partial filing fee (or immediately if no funds are available for that payment), the agency having custody of Plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's account to the Clerk of Court. The agency having custody of Plaintiff shall forward these payments each time Plaintiff's account exceeds $10, until the filing fee of $350 is paid in full.

Section 1915(e)(2)(B)(ii) instructs that courts "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii). Such dismissals are treated in the same manner as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Therefore, the court must take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Id.*

A plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v.*

*Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555.  Pro se complaints are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam).

The Court must dismiss Plaintiff's case pursuant to § 1915(e)(2)(B)(ii). "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The only individual that Plaintiff has sued is his defense attorney, and criminal defense attorneys, including public defenders and court appointed defense attorneys, do not operate under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Therefore, Plaintiff's § 1983 claim cannot succeed.

It is possible that Plaintiff is also attempting to bring a state law claim for legal malpractice. The Court declines to exercise jurisdiction over any state law claims Plaintiff may bring.  "Federal courts are courts of limited jurisdiction" and courts "have an obligation at each state of the proceedings to ensure that [they] have subject matter jurisdiction over a dispute." *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). A federal court may have original jurisdiction over state law claims when there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). It may also have jurisdiction

over state law claims that are supplemental to those claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(a).

The Court does not have original jurisdiction over any state law claims Plaintiff might try to bring. Plaintiff has made no allegations regarding the citizenship of any party, and the Complaint suggests all parties are citizens of Illinois. Therefore, it appears that there is no diversity of citizenship. *See* 28 U.S.C. § 1332.

The Court does have supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because any apparent state law claim arises from the same common nucleus of operative facts as Plaintiff's apparent § 1983 claim. *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007). The fact that the Court has supplemental jurisdiction does not mean it must exercise it. A court may decline to exercise jurisdiction when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In dismissing Plaintiff's § 1983 claim, the Court disposes of the single claim over which it has original jurisdiction. Because it dismisses the claim giving rise to original jurisdiction on a purely legal ground at the outset of litigation, the Court declines to exercise supplementary jurisdiction over Plaintiff's state law claims. *See Ross ex rel. Ross v. Bd. of Educ. of Tp. High School Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is GRANTED. Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE to any state law claims that Plaintiff may wish to file in state Court.  The Clerk is directed to mail a copy of

this order to Plaintiff's place of confinement to the attention of the Trust Fund Office.

CASE TERMINATED.


Entered this 24th day of August, 2016.


s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge